NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50123 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03553-LAB |
| v. | |
| YADIRA ELIZABETH RUIZ-BURANDT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Yadira Elizabeth Ruiz-Burandt appeals from the district court's judgment

and challenges the 60-month sentence imposed upon remand following her guilty-

plea conviction for importation of cocaine and methamphetamine, in violation of

21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

affirm.

Ruiz-Burandt contends that the district court misapplied the minor role Guideline, U.S.S.G. § 3B1.2, by inventing a hypothetical "average participant" and defining that participant in such a way as to categorically preclude a minor role adjustment for all drug couriers. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court acknowledged its obligation to compare Ruiz-Burandt to known and likely co-participants in the offense and conducted that comparison. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Having done so, the court concluded, based on the facts of this particular case, that Ruiz-Burandt was not "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). Contrary to Ruiz-Burandt's argument, nothing in the record suggests that the court's approach to the minor role determination resulted in a categorical exclusion of drug couriers from eligibility for an adjustment. The court applied the correct legal standard and, in light of the totality of the circumstances, did not abuse its discretion by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**

17-50123